IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH SESSION, 1997



FILED

July 23, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9606-CC-00246 |
| | ) | |
| Appellee, | ) | BEDFORD COUNTY |
| | ) | |
| | ) | |
| V. | ) | HON. WILLIAM CHARLES LEE, |
| | ) | JUDGE |
| STEPHON MATTHEW FEARN, | ) | |
| | ) | (AGGRAVATED BURGLARY |
| Appellant. | ) | AND THEFT) |

FOR THE APPELLANT:

JOHN HARWELL DICKEY
District Public Defender

CURTIS H. GANN
Assistant Public Defender
105 South Main
P.O. Box 1119
Fayetteville, TN  37334

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

JANIS L. TURNER
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN  37243

WILLIAM EDWARD GIBSON
District Attorney General

WILLIAM MICHAEL McCOWN
Assistant District Attorney General

ROBERT G. CRIGLER
Assistant District Attorney General
One Public Square, Suite 300
Shelbyville, TN  37160-3953

OPINION FILED _____

CONVICTION AND SENTENCES AFFIRMED;
REMANDED FOR ENTRY OF AMENDED JUDGMENTS

THOMAS T. WOODALL, JUDGE

# **OPINION**

The Defendant, Stephon M. Fearn, appeals as of right according to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted of aggravated burglary and misdemeanor theft following a jury trial in the Circuit Court for Bedford County. The jury imposed fines in the amount of five thousand dollars ($5,000.00) and one thousand dollars ($1,000.00) for his convictions, respectively. At his sentencing hearing, Defendant was sentenced by the trial judge to nine (9) years and six (6) months incarceration as a Range II, Multiple Offender for the aggravated burglary conviction and eleven (11) months, twenty-nine (29) days for the theft conviction. These sentences were ordered to be served consecutively to each other and to Defendant's prior sentences for which he was on parole at the time of the aggravated burglary and theft. Defendant argues the evidence was insufficient to support both the aggravated burglary and the theft convictions, and that the trial court erred by imposing an excessive sentence.

## I. SUFFICIENCY OF THE EVIDENCE

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). On appeal, the State is entitled to the strongest legitimate view

of the evidence and all inferences therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, id. (Tenn. 1987). Nor may this court reweigh or reevaluate the evidence. Cabbage, 571 S.W.2d at 835. A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. Grace, 493 S.W.2d at 476.

Sam Bragg, the victim, testified that he is the owner of the property located at 711 East Depot Street in Shelbyville. While it is not his primary residence, he and his wife stay there a couple of nights each month. He was at the premises on June 12, 1995. When he left, everything was secure. Bragg had given no one permission to enter the home prior to the discovery of the aggravated burglary. When he returned on June 16, 1995, Bragg found an aluminum panel forced out of the storm door on the back porch, and the wooden frame door to the house had been forced open. When he called the police, he noticed that his answering machine was not by the phone. While waiting for the police, he walked through his home and noticed other items missing. After the police arrived, they took his statement regarding the missing items. The police officer

then went next door to talk to his neighbor, the Defendant. Bragg stated that his house and the Defendant's were approximately thirty (30) feet apart, with no hedge in between. When Bragg accompanied the police on a walk-thru of Defendant's home, he thought he saw a kerosene heater that was his.

The following Monday, June 19, the police asked Bragg to come to the police station to identify some property. He identified a VCR by its serial number, a Black & Decker commercial router and skill saw, and a propane torch. He also saw a heater at a pawn shop that he was "ninety-nine percent (99%) sure" was his due to its wick replacement. In a later search by the police of Defendant's home, Bragg saw a Windsor cassette recorder, tapes with handwritten labels, and spark plug sockets which were also his. On his next visit to the police station, he identified his fishing poles and a tackle box recovered by the police. Bragg estimated the value of the goods stolen from his home to be around five hundred ($500.00) dollars.

Bobby Peacock, a police officer with the Shelbyville Police Department, was working on June 16, 1995, and answered the burglary call at 711 Depot Street. He testified that he saw where the storm door was caved in and entry was gained through the back door into Bragg's home. Officer Peacock took a statement from the victim in which he reported the VCR, fishing rods, tackle box, skill saw and router were missing from his home.

Virgil Casteel testified that Defendant called him and then met him after work asking him to buy a VCR and fishing equipment. The VCR was to serve as collateral so that Defendant could have money to go to Alabama. Casteel took

the VCR, but not the fishing equipment. The following morning, Defendant called Casteel and asked him to come by his house to look at some other items. When he dropped by his house, Defendant showed him a skill saw, router and propane torch. As Defendant stated he needed money to pay his electric bill, Casteel agreed to purchase the items. Subsequently, he read in the local paper that Bragg's residence was burglarized and that his VCR and fishing poles were missing.

For the defense, Tony Collins and Pat Mathis, investigators with the Shelbyville Police Department, testified that they responded to a call on June 16, 1995 at Depot Street. They talked with the Defendant who acted like he was nervous, but was polite. The officers obtained consent to search Defendant's home. The Defendant did not testify.

Defendant contends that there is no evidence of his entering the residence and all the evidence of his guilt is circumstantial, therefore, the evidence is insufficient to support his convictions of aggravated burglary and theft. A crime may be established by circumstantial evidence alone. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). However, before an accused may be convicted of a criminal offense based only upon circumstantial evidence, the facts and circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant." State v. Crawford, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). In other words, a "web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Id. at 484, 613.

In viewing the evidence in the light most favorable to the State, the evidence was sufficient to support a conviction for aggravated burglary and theft. Both the outside storm door and the wooden frame door to the inside of Bragg's home were forcibly opened. Upon examination of his home, Bragg found that several items were missing. The evidence established that some of the items missing from Bragg's home after the aggravated burglary were found in Defendant's home, and the remainder of the items, including the tools, fishing equipment, and VCR, were seen in the Defendant's possession by Mr. Casteel.

When a burglary has been committed, personal property was taken during the burglary, the personal property is found in the exclusive possession of the accused shortly after the burglary, and there is no satisfactory explanation of how the accused obtained the stolen property, a trier of fact may infer that the accused committed the burglary and took the personal property from the situs of the burglary. Wyatt v. State, 4 Tenn. Crim. App. 1, 11-14, 467 S.W.2d 811, 814-15(Tenn. Crim. App.), cert. denied (Tenn. 1971) (citations omitted). While Defendant argues that there was no evidence presented by the State regarding his entering Bragg's property, the State was not required to present a witness who actually observed defendant enter the premises in order to meet its burden of presenting evidence sufficient to convict him. See State v. Avery, 818 S.W.2d 365, 367 (Tenn. Crim. App. 1991). There was no satisfactory and reasonable explanation for Defendant's possession of recently stolen property taken during the course of an aggravated burglary. There was overwhelming proof to support Defendant's convictions of aggravated burglary and theft. This issue is without merit.

## II. SENTENCING

Defendant argues that the sentence given to him by the trial court was excessive. Defendant was ordered to serve nine (9) years and six (6) months and to pay five thousand dollars ($5,000.00) in fines for the aggravated burglary conviction. He was also ordered to serve eleven (11) months and twenty-nine (29) days and to pay one thousand dollars ($1,000.00) in fines for the theft conviction. The sentences were to be served consecutively to each other and to other convictions Defendant had in Franklin County for which he was on parole at the time of the above offenses.

When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principals set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory enhancement or mitigating factors; (f) any statement the defendant made on his or her own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The trial court stated its reasons and findings on the record. First, the trial court found the Defendant to be a Range II, Multiple Offender due to his previous felony convictions. Tenn. Code Ann. § 40-35-106. The evidence adduced at the sentencing hearing clearly establishes Defendant's eligibility for sentencing within Range II as a Multiple Offender, and Defendant does not contest this finding by the trial court. Thus, the applicable sentencing range for the aggravated burglary conviction was six (6) to ten (10) years. Tenn. Code Ann. § 40-35-112(b)(3).

The Defendant received a sentence of nine (9) years and six (6) months for the aggravated burglary. The trial court applied enhancement factor 1, that the Defendant had a previous history of criminal convictions in addition to those necessary to establish him as a Range II Offender, enhancement factor 8, that Defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community, and enhancement factor 13, that Defendant committed the felony while he was on parole. Tenn. Code Ann. § 40-35-114. The trial court found one mitigating factor, that Defendant's conduct neither caused nor threatened serious bodily injury. Tenn. Code Ann. § 40-35-113. The weight to be attributed to each factor is determined based on the

degree of culpability and totality of the circumstances of each case. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986). The trial court properly determined the application of the enhancement factors and one mitigating factor. Defendant's criminal history was rather extensive, and that factor was entitled to substantial weight. Included in his criminal history were three (3) felony convictions in addition to those necessary to establish a Range II sentence. Defendant's unwillingness to comply with conditions of a prior sentence involving release in the community was also heavily weighed by the trial court. Defendant was on parole at the time of the aggravated burglary. He also had been on probation at the time he committed prior offenses. If the trial judge complies with the purposes and principles of sentencing and his findings are adequately supported by the record, then the weight assigned to the existing enhancing and mitigating factors is generally left to his discretion. See State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1993). The trial court also found that Defendant lied during the sentencing hearing, and thus found that Defendant's potential for rehabilitation was, at best, remote. Upon viewing Defendant's demeanor, the trial court was in a better position to assess Defendant's rehabilitative potential. Upon de novo review, we find no error in the trial court's judgment based upon the record.

Defendant was sentenced to serve eleven (11) months and twenty-nine (29) days for the theft conviction. While Defendant does not challenge the length of this sentence, he argues that this sentence should not be served consecutively to his sentence for aggravated burglary. Consecutive sentencing was properly applied by the trial court based upon Defendant's extensive record of criminal activity. Tenn. Code Ann. § 40-35-115(b)(2). While the trial judge also used

Defendant's criminal history as an enhancement factor in the length of his sentence, there is no prohibition against using the same facts and circumstances both to enhance sentences under applicable enhancement factors and to require those sentences to be served consecutively. State v. Melvin, 913 S.W.2d 195, 205 (Tenn. Crim. App.), perm. to appeal denied (Tenn. 1995). In fact, this Court has previously upheld consideration of prior criminal convictions and conduct for both enhancement and consecutive sentencing purposes. Id.; State v. Meeks, 867 S.W.2d 361, 377 (Tenn. Crim. App. 1993), cert. denied, 114 S.Ct. 1200 (1994). We also find that consecutive sentencing is necessary to protect the public against further criminal conduct by the Defendant and that the consecutive sentences in this case reasonably relate to the severity of the offenses committed. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995).

This issue is without merit.

While not raised by the State on appeal, we note that the judgments in this case do not specifically set forth the trial court's order that the sentences be served consecutively with each other and consecutively to prior felony convictions of the Defendant in Franklin County Circuit Court.

We affirm the judgments of conviction, the sentences imposed by the trial court, and the manner of service of those sentences. This case is remanded to the trial court for entry of corrected judgments which reflect consecutive sentencing ordered by the trial court.

_____

THOMAS T. WOODALL, Judge

CONCUR:


_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge